# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                   **4:11-CR-00129-01-JM**

**CHRISTIAN MALDONADO**

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 1030) is DENIED.

**I.     BACKGROUND**

On October 5, 2012, Defendant pled guilty to one count of conspiracy to distribute methamphetamine.[1] On January 31, 2013, he was sentenced to 235 months in prison.[2] On November 1, 2015 his sentence was reduced to 188 months.[3]

**II.    DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[4]

---

[1] Doc. No. 614.

[2] Doc. Nos. 695, 698.

[3] Doc. No. 917.

[4] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[5] Defendant has neither alleged nor attached documentation showing that he has exhausted his administrative remedies at the BOP. Accordingly, this Court lacks jurisdiction at this point.

Even if this Court had jurisdiction, compassionate release is not warranted. Defendant seeks compassionate release based on his "vulnerability to COVID-19." However, Defendant does not specify why he is more susceptible than any other inmate, and admits that he "does not show any medical issues." First, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[6] Second, Defendant is 35 years old and has served less than 60% of his sentence, which means he does not meet the age and minimum served-time requirement under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – reflecting the severity of the instant offense. Defendant, along with numerous co-conspirators, distributed multi-pound quantities of methamphetamine from Mexico from 2006 through June 2011. In fact, Defendant was responsible for distributing between 5 and 15 kilograms of methamphetamine. When officers searched Defendant's residence they found a rifle, drug ledgers, $4,569 in cash, and 2,536 grams of methamphetamine in a PVC pipe buried in the garden.

---

[5]See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

[6]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 1030) is DENIED.

IT IS SO ORDERED, this 12th day of August, 2020.

_____
UNITED STATES DISTRICT JUDGE